Revised August 25, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTY RODRIGUEZ,

                Plaintiff(s),

-v-

LUNITA'S CAFE ,

                Defendant(s).

CIVIL ACTION NO.: 21 Civ. 3909 (PGG) (SLC)

REPORT OF RULE 26(f) CONFERENCE AND
~~PROPOSED~~ CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Cave's Individual Practices, the parties met on 8/30/21 (at least one week before the Initial Case Management Conference) and exchanged communications thereafter. The parties now submit the following report for the Court's consideration:

1. **Court Expectations:**

   **Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

   **Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

   **Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

   **Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Confidentiality Stipulation and Proposed Protective Order and Stipulation and [Proposed] Order Concerning the Protocol for Conducting Remote Depositions on Judge Cave's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

2. **Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff(s):

Plaintiff has asserted claims under the FLSA and NYLL for unpaid minimum and overtime wages. Plaintiff is also asserting claims for not receiving proper documents under the NYLL.

Defendant(s): Defendants have asserted general denials and affirmative defenses, including that plaintiff's employment was not covered by FLSA; that plaintiff received full and fair compensation for hours worked; and that the claims are barred in whole or in part by the statute of limitations.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

Plaintiff has asserted claims under the FLSA.

4. **Subjects on Which Discovery May Be Needed:**

Plaintiff(s): Hours worked and pay received.

Defendant(s): Applicability of FLSA.

5. **Informal Disclosures:**

Plaintiff[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on 9/2/21. On 9/30/21, Plaintiff[s] [produced/(will produce)] an initial set of relevant documents identified in [(its)/their] Initial Disclosures and will continue to supplement [(its)/their] production.

Defendant[s] disclosed the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on 9/2/21. On 9/30/21, Defendant[s] [produced/(will produce)] an initial set of relevant documents identified in [its/(their)] Initial Disclosures and will continue to supplement [its/(their)] production.

6. **Discovery Plan:**

The parties jointly propose to the Court the following discovery plan:

2

A.  All fact discovery must be completed by 2/9/22 _____.

Within **one week** of the close of fact discovery, that is 2/16/22 the parties must file a joint letter on the docket certifying that fact is discovery is complete.

B.  The parties will conduct discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and Judge Cave's Individual Practices. The following interim deadlines may be extended by the parties on written consent without application to the Court, **provided that** the parties meet the deadline for completing fact discovery set forth in paragraph 6(A) above.

    i.  <u>Depositions</u>: Depositions shall be completed by 2/9/22 and limited to no more than 5 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before 10/8/21. All subsequent interrogatories must be served no later than 30 days before the fact discovery deadline.

    iii. <u>Requests for Admission</u>: Requests for admission must be served on or before 1/7/22, and in any event no later than 30 days before the fact discovery deadline.

    iv. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on 10/8/21 and responses shall be due on 11/17/21. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

  v.  <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information, and in any event, no later than the fact discovery deadline.

7. **Anticipated Discovery Disputes:**

   Describe any anticipated discovery disputes or proposed limitations on discovery.
   None at this time.

8. **Amendments to Pleadings:**

   a. Does any party anticipate amending the pleadings? __No.__

   b. Last date to amend any pleading pursuant to Fed. R. Civ. P. 15(a) is __11/30/21__. Amendment of pleadings after this date will only be permitted upon a showing of "good cause" under Fed. R. Civ. P. 16(b)(4).

9. **Expert Witness Disclosures:**

   a. Does any party anticipate utilizing experts? __No__

   b. Expert discovery shall be completed by __n/a__

   Within **one week** of the close of expert discovery, that is, ___, the parties must file a joint letter on the docket certifying that all discovery is complete. This letter should also state which dispositive motions, if any, each party intends to file.

10. **Electronic Discovery and Preservation of Documents and Information:**

    a. Have the parties discussed discovery of electronically stored information (ESI)?
      Yes

    b. Is there an ESI discovery protocol in place? If not, the parties expect to have one in place by _____.
      There is a protocol in place. The parties will produce any electronic communications in PDF format.

    c. Are there issues the parties would like to address concerning preservation of evidence and/or ESI discovery at the Initial Case Management Conference?
      No.

4

11. **Early Settlement or Resolution:**

The parties (have)/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than ___n/a___. The following information is needed before settlement can be discussed: The parties will be attending court-ordered mediation in late October or early November.

12. **Trial:**

   a. The parties anticipate that this case will be ready for trial by ___3/9/22___.

   b. The parties anticipate that the trial of this case will require ___3-4___ days.

   c. The parties do/(do not) (circle one) consent to a trial before a Magistrate Judge at this time.

   d. The parties request a jury/(bench) (circle one) trial.

13. **Other Matters:**

Respectfully submitted this _21_ day of _September_.

ATTORNEYS FOR PLAINTIFF(S):

_[signature]_

ATTORNEYS FOR DEFENDANT(S):

_Tara A. Tully_
TULLY LAW OFFICE PC

---

The parties' Proposed Case Management Plan (ECF No. 15) is ADOPTED AS MODIFIED:

-- The parties shall advise the Court by **Wednesday, November 10, 2021** whether their mediation resulted in a settlement. (See ECF Minute Entry Sept. 7, 2021).

-- The parties shall certify that fact discovery is complete by **Wednesday, February 16, 2022**.

-- The parties shall comply with the Honorable Paul G. Gardephe's Individual Rules of Practice concerning any dispositive motions and pretrial filings.

SO ORDERED 9/9/2021

_Sarah␣Cave_
SARAH L. CAVE
United States Magistrate Judge