UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTY RODRIGUEZ,

                              Plaintiff,

         -v-

LUNITA'S CAFE AND DELI CORP. d/b/a LUNITA'S
RESTAURANT and PABLO LUNA,

                              Defendants.

CIVIL ACTION NO. 21 Civ. 3909 (PGG) (SLC)

**<u>ORDER</u>**

**SARAH L. CAVE,** United States Magistrate Judge.

On December 26, 2023, Defendants filed a motion for summary judgment (ECF No. 62 (the "Motion")), which Plaintiff opposed.  (ECF Nos. 63–65).  On December 27, 2023, Defendants filed a reply.  (ECF Nos. 66–67).  On April 15, 2024, the Honorable Paul G. Gardephe referred the Motion for a Report & Recommendation.  (ECF Nos. 68–69).

On review of the parties' papers submitted in connection with the Motion, the Court has discerned multiple deficiencies in the parties' filings.  With respect to Defendants' Motion, Defendants have filed a single PDF containing (i) a Notice of Motion for Summary Judgment (ECF No. 62 at 1–2), (ii) a Statement of Material Facts pursuant to Local Civil Rule 56.1(a) (<u>id.</u> at 3–6 ("Defendants' 56.1")), and (iii) a Memorandum of Law in Support (<u>id.</u> at 7–20), rather than filing these documents separately.  <u>See</u> SDNY Electronic Case Filing Rules & Instructions § 13.2 (directing litigants to "[s]eparately file supporting documents such as a Memorandum of Law or Affidavit in Support"); <u>see</u> <u>id.</u> § 15.4 (noting that, "[f]or example, a motion, an affidavit in support and a memorandum of law in support constitute three separate filings").  The Court also notes that (i) Plaintiff's response to Defendants' 56.1 and counterstatement of facts ("Plaintiff's 56.1")

is embedded within Plaintiff's Memorandum of Law in Opposition to the Motion (ECF No. 63 at 5–13), and (ii) Defendants' initial Memorandum of Law reappears as an attachment to their response to Plaintiff's 56.1 (ECF No. 67 at 10–23).

In addition, although Defendants have filed exhibits as an appendix to Defendants' 56.1 as required by Judge Gardephe's Individual Rule of Practice V.C, the appendix does not include the table of contents required by the same rule. More problematic is that, although the Declaration of Pablo Luna (ECF No. 62-1 at 21 ¶¶ 12–14) describes and incorporates as true and correct copies exhibits "F," "G," and "H" to Defendants' 56.1 (ECF Nos. 62-2; 62-3 at 1–111), Defendants have not included a declaration or affidavit—from its counsel or another person with personal knowledge (see Fed. R. Civ. P. 56(c)(4); 28 U.S.C. 1746)—describing exhibits "A"–"E" and "I" and swearing under penalty of perjury that these documents are what they purport to be. These exhibits, particularly the unsigned deposition transcripts of Pablo Luna and Betty Rodriguez attached as exhibits "D" and "E" to Defendants' 56.1 (ECF No. 62-1 at 23–250; see id. at 157 and 249 (unsigned signature pages)), violate Local Civil Rule 7.1 and Federal Rule of Civil Procedure 56(c)(4) and therefore would neither be admissible evidence absent an accompanying declaration nor would the Court consider them in ruling on the Motion. Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); Loc. Civ. R. 7.1(a)(3) (all motions shall include "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion."); see, e.g. Flaherty v. Coughlin, 713 F.2d 10, 14 (2d Cir. 1983) (holding that "Defendants' motion for summary judgment was

accompanied by a variety of relevant documents but without verification either that they were authentic or that they constituted all the relevant documents in the defendants' possession. Since verification can easily be provided and does establish evidentiary links essential the motion, we see little reason not to require it as a prerequisite to a grant of summary judgment"); Yahui Zhang v. Akami, No. 15 Civ. 4946 (VSB), 2019 WL 4688702, at *2 (S.D.N.Y. Sept. 25, 2019) (requiring a party to refile summary judgment materials where "the exhibits relied upon in support of Defendants' motion were not attached to the declaration of a person with personal knowledge of the documents" (citing Fed. R. Civ. P. 56(c)(4))); Pace v. Air & Liquid Sys. Corp., 171 F. Supp. 3d 254, 272 (S.D.N.Y. 2016) (explaining that "an attorney's affidavit can be used, in connection with a summary judgment motion, to place documents produced in discovery before the Court"); see also Picard v. Jaba Assocs. LP, 49 F.4th 170, 181 (2d Cir. 2022) (explaining that "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment") (citation omitted).  In short, the deficiencies in the parties' submissions are so egregious as to prevent the Court from adequately and efficiently analyzing the Motion.

Accordingly, the Court orders as follows:

1. The Motion is DENIED WITHOUT PREJUDICE.

2. By **April 24, 2024**, Defendants shall refile the Motion, including separate filings for (i) their notice of motion; (ii) their Local Civil Rule 56.1(a) statement of undisputed material facts; (iii) any affidavits or declarations (filed separately, if more than one), with any exhibits annexed thereto as incorporated and authenticated by the affidavit or declaration; and (iv) their memorandum of law in support.

3.  By **April 29, 2024**, Plaintiff shall refile her opposition to the Motion, including separate filings for (i) her response to Defendants' Local Civil Rule 56.1(a) statement of undisputed material facts and counterstatement of facts; (ii) any affidavits or declarations (filed separately, if more than one), with any exhibits annexed thereto as incorporated and authenticated by the affidavit or declaration; and (iii) her memorandum of law in opposition.

4.  By **May 2, 2024**, Defendants shall refile their reply, including separate filings for (i) their response to Plaintiff's counterstatement of facts, and (ii) their reply memorandum of law.

5.  All memoranda of law shall contain a table of contents and table of authorities.

6.  On completion of briefing pursuant to this Order, the Court will issue a Report & Recommendation in due course pursuant to Judge Gardephe's order of reference. (ECF Nos. 68–69).

The Clerk of Court is respectfully directed to close ECF No. 62.

Dated:       New York, New York
             April 17, 2024

                                             SO ORDERED.


                                             **SARAH L. CAVE**
                                             **United States Magistrate Judge**

4